UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**REGINALD J. SMITH,**

    **Plaintiff,**

    v.              Case No. 10-C-629

**WACKENHUT CORPORATION,**

    **Defendant.**

---

# DECISION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

## I. PROCEDURAL HISTORY

Currently pending before this court is the defendant's motion for summary judgment. (Docket No. 16.) Because the plaintiff is representing himself in this matter, the defendant proceeded in accordance with Civil Local Rule 56, thus informing the plaintiff that evidence presented by the defendant will be accepted as true unless rebutted by the plaintiff. (Docket No. 16.) The defendant also provided the plaintiff with the applicable Local and Federal Rules, as is required by Civil Local Rule 56(a)(1)(B). (Docket No. 16-1.)

The plaintiff submitted a letter requesting that he be granted additional time to attempt to find counsel and to respond to the motion for summary judgment. (Docket No. 21.) The defendant objected to any further delay. (Docket No. 22.) The court concluded that the plaintiff had more than enough time to attempt to obtain counsel and thus had failed to present good cause to warrant any further extension. (Docket No. 23.) The court ordered the plaintiff to respond to the defendant's motion no later than March 30, 2011. (Docket No. 23.) The plaintiff has failed to respond.

In the absence of any response from the plaintiff, the court shall deem each of the defendant's proposed findings of fact to be undisputed by the plaintiff. Fed. R. Civ. P. 56(e)(2). Therefore, the defendant is entitled to summary judgment if the motion and supporting materials show it is entitled to it. Fed. R. Civ. P. 56(e)(3).

**II. FACTS**

Reginald J. Smith ("Smith") is an African American who was employed as a security guard by the defendant. (Docket No. 19 at 1.) Smith informed a coworker that he had recurring dreams of shooting his supervisor in the head with a .22 caliber rifle. (Docket No. 19 at 2.) The client of the defendant private security company requested that Smith be removed from its business after it learned of the plaintiff's recurring dream. (Docket No. 19 at 2.) Smith was asked to come to a meeting at the defendant's office, but Smith did not appear. (Docket No. 19 at 2.) Instead, on the day of the scheduled meeting, Smith called the defendant and stated he was resigning because he had found another job. (Docket No. 19 at 2.)

However, Smith's new job lasted only one day and so he promptly sought to return to his prior job with the defendant. (Docket No. 19 at 2.) Because Smith violated the defendant's requirement of 2-weeks notice for resignations, the defendant refused to accept him back. (Docket No. 19 at 2.)

After receiving a "right to sue" letter from the EEOC, Smith initiated the present action alleging that he suffered discrimination as a result of his race and that he was defamed when the defendant informed a prospective new employer of that he was violent. (Docket No. 5.)

**III. SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson, 477 U.S. at 248. A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

**IV. ANALYSIS**

"Title VII provides that 'it shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . .' 42 U.S.C. § 2000e2(a)(1)." Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1035 (7th Cir. 1999) (citing Bragg v. Navistar Int'l Transp. Corp., 164 F.3d 373, 376 (7th Cir. 1998). A plaintiff alleging race discrimination in violation of Title VII has two ways in which he may avoid summary judgment. Brewer v. Bd. of Trs., 479 F.3d 908, 915 (7th Cir. 2007).

The first is the burden shifting method, sometimes referred to as the indirect method of proof or the McDonnell Douglas method in reference to McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Id. Under this method, the plaintiff must present a prima facie case of discrimination by demonstrating that (1) he was a member of a protected class; (2) he was qualified for the position and meeting the employers legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly-situated non-class members were treated more favorably than he. Brewer, 479 F.3d at 915.

The other way a plaintiff may avoid summary judgment is by way of the direct method of proof under which the plaintiff must present a "'convincing mosaic' of direct or circumstantial evidence that could permit a reasonable jury to conclude that the employer acted with discriminatory intent." Id.

Having failed to respond to the defendant's motion for summary judgment, the plaintiff has failed to present any evidence that would satisfy the direct method of proof. As for the indirect method of proof, although the defendant acknowledges that the plaintiff is African American and thus a member of a protected class, the plaintiff has not shown that he was meeting the legitimate expectations of the employer. A security guard talking about his recurring dream of shooting his supervisor in the head is a legitimate non-discriminatory reason for termination. Smith has failed to present any evidence that this proffered reason for any alleged adverse employment action was pretextual.

Having failed to demonstrate that he was meeting the legitimate expectations of the employer, it is unnecessary to consider the additional elements of a prima facie case. Because the plaintiff has failed to present a prima facie case of discrimination, summary judgment in favor of the defendant on the plaintiff's racial discrimination is appropriate.

With respect to the plaintiff's defamation claim, employers are statutorily granted a limited privilege in the context of providing information about a former employee.

> An employer who, on the request of an employee or a prospective employer of the employee, provides a reference to that prospective employer is presumed to be acting in good faith and, unless lack of good faith is shown by clear and convincing evidence, is immune from all civil liability that may result from providing that reference. The presumption of good faith under this subsection may be rebutted only upon a showing by clear and convincing evidence that the employer knowingly provided false information in the reference, that the employer made the reference maliciously or that the employer made the reference in violation of s. 111.322.

Wis. Stat. § 895.487(2); see also Gibson v. Overnite Transp. Co., 2003 WI App 210, ¶¶11-17, 267 Wis. 2d 429, 671 N.W.2d 388 (Ct. App. 2003).

Smith has failed to rebut the presumption that the alleged reference was made in good faith. Therefore, summary judgment in the defendant's favor is appropriate on this claim as well.

**IT IS THEREFORE ORDERED** that that the defendant's motion for summary judgment, (Docket No. 16), is **granted**. The Clerk shall enter judgment accordingly dismissing the plaintiff's complaint and this action.

Dated at Milwaukee, Wisconsin this 18th day of April, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge